# In the United States Court of Federal Claims

No. 22-295
(Filed: November 29, 2022)

```
*************************************
SOLENEX, LLC,                        *
                                     *
              Plaintiff,             *
                                     *       Lack of Subject-Matter Jurisdiction; RCFC
       v.                            *       12(b)(1); 28 U.S.C. § 1500; Claim
                                     *       preclusion.
THE UNITED STATES,                   *
                                     *
              Defendant.             *
*************************************
```

*Zhonette M. Brown*, Mountain States Legal Foundation, Lakewood, CO, counsel for Plaintiff.

*Lucas W. Lallinger*, U.S. Department of Justice, Natural Resources Section, Washington, DC, counsel for Defendant.

## OPINION AND ORDER

**DIETZ, Judge.**

      Solenex, LLC ("Solenex"), the owner/operator/assignee of oil and gas lease rights granted by the United States, brings this suit seeking damages for breach of contract and for a taking under the Fifth Amendment of the United States Constitution. The government moves for dismissal pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC") on the grounds that the Court lacks jurisdiction under 28 U.S.C. § 1500 because Solenex has a pending action against the United States in the District Court for the District of Columbia ("DDC") involving the same government action. Because the Court finds that Solenex filed an earlier suit in the DDC based on the same operative facts as its suit in this Court, the Court lacks jurisdiction over Solenex's complaint. Therefore, the government's motion to dismiss is **GRANTED**.

### I.    BACKGROUND

      In April 1982, the Bureau of Land Management ("BLM") notified Sidney M. Longwell, who managed Solenex prior to his death, that his application for an oil and gas lease in Montana obtained a priority at a lease drawing. Compl. [ECF 1] ¶¶ 11, 24. In May 1982, the BLM accepted Mr. Longwell's offer to lease the property and issued him an oil and gas lease for 6,247 acres. *Id.* ¶¶ 12, 14. The lease took effect on June 1, 1982. *Id.* ¶ 14.

In November 1983, Mr. Longwell applied for a permit to drill an exploratory well on the property. [ECF 1] ¶ 17. Beginning in 1985 and on multiple occasions thereafter, the application was approved, appealed, and then withdrawn, remanded, or deferred. *Id.* ¶¶ 17, 20-23. After the initial approval in 1985 was appealed, the primary ten-year lease term was suspended. *Id.* ¶ 18.

Since 2004, Solenex has held the lease as an approved assignee. [ECF 1] ¶ 24. In 2013, Solenex sued the United States in the DDC under the Administrative Procedure Act ("APA") to compel the United States to lift the suspension of the lease.[1] *Id.* ¶¶ 3, 26. The DDC granted summary judgment in favor of Solenex and ordered the United States to act on the suspended lease. *Id.* ¶ 27; *see also Solenex LLC v. Jewell*, 334 F. Supp. 3d 174, 179-80 (D.D.C. 2018). On March 16, 2016, the United States notified Solenex and the DDC that it was "disapproving the application for [a] permit to drill and 'cancelling' the Lease." [ECF 1] ¶ 28. Thereafter, Solenex amended its complaint in the DDC. *Id.* ¶ 29. The DDC once again granted summary judgment in Solenex's favor, but the United States Court of Appeals for the District of Columbia Circuit reversed the decision. *Id.*; *see also Solenex LLC v. Bernhardt*, 962 F.3d 520, 530 (D.C. Cir. 2020). Solenex again amended its complaint in the DDC, and the DDC again granted summary judgment in Solenex's favor. [ECF 1] ¶ 29; Second Am. and Suppl. Compl. ("DDC Compl.") [ECF 13-1]; *Solenex, LLC v. Haaland*, 2022 WL 4119776 (D.D.C. Sep. 9, 2022). The United States appealed the decision on November 16, 2022. *See Solenex v. Haaland,* No. 1:22-cv-5296 (D.C. Cir.).

Solenex filed its complaint in this Court on March 14, 2022. *See* [ECF 1]. On May 6, 2022, Solenex filed a motion to temporarily stay the proceedings in this Court pending resolution of its DDC case. Pl.'s Mot. to Stay Proceeding [ECF 7]. The government filed an opposition to Solenex's motion to stay, *see* Def.'s Resp. in Opp'n to Pl.'s Mot. to Stay [ECF 11], and on June 27, 2022, filed the instant motion to dismiss Solenex's complaint for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1), *see* Def.'s Mot. to Dismiss [ECF 13]. The government's motion to dismiss is fully briefed, and the Court determined that oral argument is not necessary.

## II.   STANDARD OF REVIEW

RCFC 12(b)(1) governs motions for dismissal based on lack of subject matter jurisdiction. "When a defendant challenges this court's jurisdiction pursuant to RCFC 12(b)(1), the plaintiff bears the burden to show by a preponderance of the evidence that jurisdiction is proper." *Ak-Chin Indian Cmty. v. United States*, 80 Fed. Cl. 305, 307 (2008) (citing *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988)). "In determining jurisdiction, a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). If the jurisdictional facts are disputed, the "court may consider other relevant evidence." *Ak-Chin Indian Cmty.*, 80 Fed. Cl. at 307 (citing *Moyer v. United States*, 190 F.3d 1314, 1318 (Fed. Cir. 1999); *Reynolds*, 846 F.2d at 747). Jurisdiction is a threshold issue the court must address before proceeding to the merits of the case. *Otoe-Missouria Tribe of Indians, Okla. v. United States*, 105 Fed. Cl. 136, 137 (2012) (citing *Steel Co. v. Citizens for a Better Env't*, 523

---

[1] *See Solenex v. Haaland*, No. 1:13-cv-993 (D.D.C.).

U.S. 83, 94-95 (1998)). If the Court determines that it lacks subject matter jurisdiction, it must dismiss the case. RCFC 12(h)(3); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); *United Keetoowah Band of Cherokee Indians in Okla. v. United States*, 104 Fed. Cl. 180, 183 (2012).

## III.   DISCUSSION

The government argues that this Court lacks subject matter jurisdiction over Solenex's complaint under 28 U.S.C. § 1500 because Solenex asserts claims that "arise out of one and the same conduct" as its claims before the DDC. [ECF 13] at 5.[2] The government contends that Solenex's breach of contract and Fifth Amendment taking claims in its complaint before this Court are "for or in respect to" three of the claims that Solenex asserted in its DDC complaint, which challenged the United States Department of the Interior ("DOI") Secretary's authority to cancel its oil and gas lease. *Id.* at 11-13. According to the government, both suits arise out of the same operative facts—facts related to Solenex's oil and gas lease and the government's cancellation of that lease. *Id.* at 13.

Solenex counters that § 1500 does not bar this Court from exercising jurisdiction over its complaint, arguing instead that its APA action in the DDC "does not assert 'claims' as that term is used" in the statute. Pl.'s Opp'n to Def.'s Mot. to Dismiss [ECF 14] at 10. Solenex also rejects the government's assertion that its claims before this Court and those before the DDC are based on the same operative facts. *Id.* at 16-28. Rather, Solenex suggests that, whereas its APA case before the DDC focuses on facts related to the government's cancellation of its lease,

> [t]he primary issues of law and fact raised by the claims at issue in this litigation concern whether a federal oil and gas lease is property (including a contract) subject to the Takings Clause, the economic impact of the cancellation on Solenex, the extent to which the Government interfered with Solenex's investment-backed expectations, whether Solenex adequately performed under the contract, whether the Government's actions constituted a breach, and the extent of any damages resulting from said breach.

*Id.* at 20. Solenex further states that it "commenced the present action to preserve its ability to seek the Constitutionally guaranteed remedy of just compensation for the effective taking of its property should the cancellation be found to be within the Secretary's authority and otherwise consistent with the APA." *Id.* at 9.

Section 1500 restricts the jurisdiction of this Court when related actions against the United States are pending in other courts. *See U.S. v. Tohono O'Odham Nation* 563 U.S. 307, 310-311 (2011). It provides that

> [t]he United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the

---
[2] All page numbers in the parties' briefings refer to the page number generated by the CM/ECF system.

>cause of action alleged in such suit or process arose, was, in
>respect thereto, acting or professing to act, directly or indirectly
>under the authority of the United States.

Application of § 1500 requires a two-step inquiry. *Brandt v. United States*, 710 F.3d 1369, 1374 (Fed. Cir. 2013). First, the court must determine "whether there is an earlier-filed 'suit or process' pending in another court." *Id.* Next, the court must determine "whether the claims asserted in the earlier-filed case are 'for or in respect to' the same claim(s) asserted in the later-filed Court of Federal Claims action." *Id.* "If the answer to either of these questions is negative, then the Court of Federal Claims retains jurisdiction." *Id.* However, if § 1500 applies, the Court of Federal Claims "lacks subject matter jurisdiction and must dismiss the complaint." *Id.*

Here, it is undisputed that there was an earlier-filed suit pending in another court at the time that Solenex filed its suit in this Court. "Whether an earlier filed 'suit or process' is 'pending' for § 1500 purposes is determined *at the time the complaint is filed* with the Court of Federal Claims." *Brandt*, 710 F.3d at 1375 (emphasis added). "[O]nce a claim is dismissed or denied, it is no longer 'pending' for § 1500 purposes until a motion for reconsideration or notice of appeal is filed." *Id.* at 1379-80. When Solenex filed its complaint in this Court on March 14, 2022, its 2013 suit against the United States was still pending in the DDC—a fact Solenex concedes in its motion to temporarily stay the proceedings in this Court pending resolution of its DDC case and related reply. *See* [ECF 7] at 1 ("If Solenex prevails in its *pending* administrative challenge to the cancellation of its lease, this case would become moot.") (emphasis added); Reply in Support of Pl.'s Mot. to Stay [ECF 12] at 8 ("Here there is no dispute that Solenex had a *pending* earlier-filed suit.") (emphasis added).

Thus, the only issue is whether the complaint filed by Solenex in this Court asserts claims that are "for or in respect to" the claims asserted in its DDC complaint. Claims are deemed "for or in respect to" each other "if they are based on substantially the same operative facts, regardless of the relief sought." *Tohono*, 563 U.S. at 311; *see Acetris Health, LLC v. United States*, 138 Fed. Cl. 43, 59-60 (2018) (defining "operative facts" in the context of § 1500 as those that satisfy or help to satisfy an element of a legal claim). In other words, consideration of this Court's jurisdiction under § 1500 "focuse[s] on the facts rather than the relief a party seeks." *Tohono*, 563 U.S. at 315. "Concentrating on operative facts is [] consistent with the doctrine of claim preclusion, or res judicata, which bars 'repetitious suits involving the same cause of action' once 'a court of competent jurisdiction has entered a final judgment on the merits.'" *Id.* (quoting *Comm'r v. Sunnen*, 333 U.S. 591, 597 (1948)). "[T]he legal theories underlying the asserted claims are irrelevant" to the Court's inquiry. *Brandt*, 710 F.3d at 1374.

The Court finds that the claims that Solenex asserts in its complaint filed in this Court are based on substantially the same operative facts as those underlying three of the claims that it asserted in its DDC complaint. In its complaint before this Court, Solenex asserts a breach of contract claim and a Fifth Amendment taking claim. [ECF 1] ¶¶ 31-40. The theory underlying its breach of contract claim is that the government breached its contract with Solenex when it cancelled its lease in March 2016, thereby depriving Solenex of the right to "explore for, produce, and sell oil and gas." *Id.* ¶ 35. In support of this claim, Solenex references the existence of the lease, its rights under the lease, and the damages it suffered due to the cancellation of the

lease. *Id.* ¶¶ 31-36. The theory underlying its taking claim is that the government violated Solenex's Fifth Amendment rights when it cancelled its lease, thereby depriving Solenex of private property—the leasehold interest—without just compensation. *Id.* ¶¶ 38-39. In support of this claim, Solenex once more references the existence of the lease and the damages suffered by Solenex as a result of the cancellation of the lease. *Id.* ¶¶ 37-40.

In its DDC complaint, Solenex argues that the DOI Secretary and her subordinates violated the APA in their administration of the Mineral Leasing Act ("MLA"). DDC Compl. [ECF 13-1] ¶¶ 1, 4. In its first claim for relief, Solenex states that the Secretary lacked the authority to administratively cancel the lease: "[T]he Secretary's decision [to cancel the lease] exceeds both express and any implied powers granted to [her] by Congress, the decision was made contrary to the process explicitly required by law, and the decision was made after an unreasonable amount of time . . . ." *Id.* ¶ 190. In its second claim for relief, Solenex states that the Secretary's decision to cancel the lease was not in accordance with the law and that "[t]he issuance of the Lease complied with [the National Environmental Policy Act], [the National Historic Preservation Act], and the MLA." *Id.* ¶ 197. In its third claim for relief, Solenex states that the Secretary's decision to cancel the lease was arbitrary and capricious, in violation of the APA. *Id.* ¶ 207. In support of all three claims, Solenex references facts relating to the government's assignment of the lease to Solenex and its subsequent cancellation of the lease.

The fact that, in its DDC complaint, Solenex challenges the authority of various government officials to take certain actions does not alter the Court's conclusion because the government's cancellation of the lease is critical to Solenex's claims before the DDC and this Court. Without alleging and establishing the government's assignment and subsequent cancellation of its lease, Solenex would not be able to prove its APA claims,[3] nor would it be able to prove its breach of contract and Fifth Amendment taking claims. In both cases, Solenex seeks relief for the government's cancellation of its lease. That Solenex frames the legal issues differently in the two complaints and alleges additional facts in one of the complaints does not change the fact that the government conduct underlying the relevant claims is the same. *See Res. Invs., Inc. v. United States*, 785 F.3d 660, 665 (2015) (holding that plaintiff's claim in the Court of Federal Claims that the government's denial of a permit was a taking in violation of the Fifth Amendment was based on the same operative facts as its claim in federal district court that the same act violated the APA); *see also Philbert v. United States*, 779 F. App'x 733, 736 (Fed. Cir. 2019) (holding that the Court of Federal Claims lacked jurisdiction under § 1500 over plaintiff's Equal Pay Act claim wherein he "alleges that he is being paid less than similarly situated female health technicians," because these same operative facts were the basis of his Title VII claim for disparate treatment based on sex, which he previously brought in federal district court); *Cent. Pines Land Co. v. United States*, 697 F.3d 1360, 1364-65 (Fed. Cir. 2012) (affirming the Court of Federal Claims' dismissal of plaintiff's complaint under § 1500 because, despite alleging

---

[3] Although the relief Solenex seeks in its two complaints is not relevant to the Court's analysis under § 1500, the Court notes that Solenex's prayer for relief in its DDC complaint lends further support to the Court's conclusion that the underlying basis of its first three APA claims is the government's cancellation of its lease. *See* DDC Compl. [ECF 13-1] at 62-63 ("That it be declared and adjudged that *the cancellation of Solenex's Lease* is in excess of statutory, inherent, and regulatory authority . . . is unlawful because the Defendants' decision to cancel the Lease is not in accordance with the law . . . is unlawful because Solenex is entitled to bona fide purchaser protection . . . was, inter alia: arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; and/or without observance of procedure required by law.) (first emphasis added).

different legal theories, both the federal district court and Court of Federal Claims complaints were based on the same operative facts relating to private drilling operations on federal lands); *Sutliffe v. Epping Sch. Dist.*, 584 F.3d 314, 327 (1st Cir. 2009) ("The fact that a second suit contains some additional factual allegations does not mean it does not arise from the same factual transaction.") (quoted in *Res. Invs.,* 785 F.3d at 668). Therefore, under § 1500, the Court lacks subject matter jurisdiction over the instant complaint.

Further, the conclusion that Solenex's claims before this Court and the DDC are based on the same operative facts is consistent with the principles of res judicata. Applying res judicata principles to § 1500 can take two forms—the act or contract test and the evidence test. *Tohono*, 563 U.S. at 316.[4] Under the act or contract test, "demands or rights of action which are single and entire . . . arise out of one and the same act or contract" whereas demands or rights of action which are "several and distinct" arise "out of different acts or contracts." *Id.* (quoting J. Wells, Res Adjudicata and Stare Decisis § 241, p. 208 (1878) (quotation marks omitted)). Under the evidence test, the question is whether "the same evidence [would] support and establish both the present and the former cause of action." *Tohono*, 563 U.S. at 316 (quoting 2 H. Black, Law of Judgments § 726, p. 866 (1891)). Under the act or contract test, Solenex's breach of contract and Fifth Amendment taking claims in the Court of Federal Claims are based on the same act or contract as its APA claims in the DDC—the government's cancellation of the lease or the lease itself.[5] *See Askan Holdings, Ltd. v. United States*, 2022 WL 1512730, at *6 (Fed. Cl. May 12, 2022) (concluding that § 1500 bars plaintiff's suit because, under the act or contract test, plaintiff's DDC and Court of Federal Claims complaints are based on the same government conduct—actions taken by the United States Department of the Treasury with respect to plaintiff's down payment on an aircraft); *Skokomish Indian Tribe v. United States*, 115 Fed. Cl. 116, 129 (2014) ("All plaintiffs' claims—those that were resolved in the district court and those that were, in effect, transferred here—involve the same acts and contract, with the latter, of course, being the Treaty upon which most of plaintiffs' claims are based."); *U.S. Home Corp. v. United States*, 108 Fed. Cl. 191, 200 (2012), aff'd, 550 F. App'x 895 (Fed. Cir. 2014) (concluding that § 1500 bars plaintiff's suit because, under the act or contract test, "both the district court suit and the suit in this court arise from the real estate transfers of the Property by the United States").

Finally, the Court is not persuaded by Solenex's other arguments. Solenex argues that its APA claims are not "claims" as that term is defined in § 1500 because, in its DDC complaint, Solenex seeks equitable relief rather than monetary damages. This argument is dispelled by the

---

[4] In *Tohono*, the Supreme Court also stated the following: "The now-accepted test in preclusion law for determining whether two suits involve the same claim or cause of action depends on factual overlap, barring 'claims arising from the same transaction.'" 563 U.S. at 316. However, in *Trusted Integration, Incorporated v. United States*, the United States Court of Appeals for the Federal Circuit clarified that "[w]hile the Supreme Court made passing reference to the modern transaction test of the Restatement Second of Judgments, it [also] made clear that it is the tests in place at the time the predecessor to § 1500 was enacted[, meaning the act or contract test and the evidence test,] by which we must be guided." 659 F.3d at 1168 n.4 (citation omitted).

[5] Having determined that Solenex's instant claims are barred under the act or contract test, the Court need not also consider whether they are barred under the evidence test. *See Res. Invs.,* 785 F.3d at 666 ("Since we conclude that the act or contract test is satisfied here, we need not address the evidence test.").

Federal Circuit's decision in *Resource Investments*, in which the Federal Circuit affirmed the Court of Federal Claims' conclusion that it lacked jurisdiction over plaintiff's complaint under § 1500, despite plaintiff having sought equitable relief in its district court complaint. *See Res. Invs.*, 785 F.3d at 670. Solenex also argues that it has a Constitutionally guaranteed right to seek money damages in this forum. However, in *Tohono*, the Supreme Court expressly stated that "[a]lthough Congress has permitted claims against the United States for monetary relief in the [Court of Federal Claims], that relief is available by grace and not by right." 563 U.S. at 317. Thus, while Solenex is permitted to bring a claim against the United States for money damages in this Court, Solenex's claim must fall within this Court's jurisdictional parameters. Here, it fails to do so.

## IV. CONCLUSION

For the reasons set forth above, the government's motion to dismiss [ECF 13] is **GRANTED**. The plaintiff's motion to stay [ECF 7] is **DENIED AS MOOT**. The plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**. The Clerk is hereby **DIRECTED** to enter judgment consistent with this opinion.

**IT IS SO ORDERED.**

s/ Thompson M. Dietz  
Thompson M. Dietz, Judge